☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>information associated with email addresses Christophersifuentes701@gmail.com and mizaellozano33388@gmail.com (Target Email Accounts), which are stored at premises owned, maintained, controlled, or operated by Google LLC | ) | Case No. 26-943M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ______ District of ______
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before May 13, 2026 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Nancy Joseph.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☑ until, the facts justifying, the later specific date of 09/27/2026.

Date and time issued: 5/1/2026 @ 9:16 a.m.

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*

## ATTACHMENT A
**Property to Be Searched**

This warrant applies to information which is associated with email addresses **Christophersifuentes701@gmail.com** and **mizaellozano33388@gmail.com** (**Target Email Accounts),** which are stored at premises owned, maintained, controlled, or operated by Google LLC, a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California.

## ATTACHMENT B
## Particular Things to be Seized

**I. Information to be disclosed by Google LLC (the "Provider"):**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any information that has been deleted but is still available to the provider, the Provider is required to disclose the following information to the government for the account or identifier listed in Attachment A for the time period of January 1, 2022, to the present:

a. The contents of all emails associated with the account from January 1, 2022, to the present, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the Government within 14 days of the issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of 18 U.S.C § 922(a)(1)(A) (engaging in a firearms business without a license), § 18 U.S.C § 544 (smuggling goods from the United States), 18 U.S.C. § 922(a)(9) (non-resident/non FFL received firearms), 18 U.S.C. § 933 (Trafficking of firearms) and 18 U.S.C. § 371 (conspiracy), those violations involving Christopher SIFUENTES and Mizael LOZANO and occurring after January 1, 2022, including, for each account listed on attachment A, information pertaining to the following matters:

a) Evidence of the crimes under investigation, including preparatory steps taken in furtherance of such activity, and steps taken after such activity to hinder and prevent apprehension and identification, or evidence that may refute the subscriber's involvement in such activity;

b) Information that constitutes evidence concerning the unlawful dealing in firearms without a federal firearms license or making false statements in the acquisition of firearms from a federally licensed dealer;

c) Evidence indicating how and when the **Target Email Accounts** were accessed or used, to determine the geographic and chronological context of the **Target Email Accounts** access, use, and events relating to the crime under investigation and to the email account owner;

d) Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

e) Evidence indicating the **Target Email Accounts** owner's state of mind as it relates to the crime under investigation;

f) Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts;

g) The identity of the person who created or used the **Target Email Accounts**, including records that help reveal the whereabouts of such person; and

h) The identity of the person(s) who communicated with the **Target Email Accounts** about matters relating to the dealing in firearms without a federal firearms license or making false statements in the acquisition of firearms from a federally licensed dealer, including reports that help reveal their whereabouts.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

information associated with email addresses Christophersifuentes701@gmail.com and mizaellozano33388@gmail.com (Target Email Accounts), which are stored at premises owned, maintained, controlled, or operated by Google LLC

Case No. 26-943M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the __________ District of ______________ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C § 922(a)(1)(A), 18 U.S.C § 544, 18 U.S.C. § 922(a)(9), 18 U.S.C. § 933, and 18 U.S.C. § 371 | engaging in a firearms business without a license, smuggling goods from the United States, non-resident/non FFL received firearms, trafficking of firearms, and conspiracy |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of ____ days *(give exact ending date if more than 30 days:* 09/27/2026 *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Digitally signed by ALEXIS KRUSIC (Affiliate)
DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=ATF, 0.9.2342.19200300.100.1.1=15001003962776, cn=ALEXIS KRUSIC (Affiliate)
Date: 2026.04.29 12:20:41 -05'00'

*Applicant's signature*

Alexis Krusic, ATF Task Force Officer

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 5/1/2026

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Alexis Krusic, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google LLC (hereafter "Google") to disclose to the government records and other information, including the contents of communications, associated with the Google Accounts **Christophersifuentes701@gmail.com** and **mizaellozano33388@gmail.com** hereafter referenced as "Target Email Accounts," that are stored at premises owned, maintained, controlled, or operated by Google, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043. The information to be disclosed by Google and searched by the government is described in the following paragraphs and in Attachments A and B.

2. I am a Task Force Officer (TFO) of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee IV Field Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. I am a Detective out of the Criminal Investigations Division with the Milwaukee County Sheriff's Office (MCSO) since 2020. I have been employed with MCSO since January of 2016 and an ATF TFO since March of 2020. My duties as a TFO with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes. My duties with MCSO include investigating state violations of all criminal offenses.

4. I have completed approximately 920 hours (6 months) of training at the Milwaukee

County Sheriff's Office Training Academy through the Wisconsin Law Enforcement Standards Bureau. That training included various legal courses related to Constitutional Law as well as search and seizure authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection. I have read reports and worked with other officers/agents in complex investigations where I know that criminals put information on social media platforms to convey a message to groups of people and use their cellphones to communicate with individuals about the crime(s) they have committed to include before, during and after the incident.

5. I have been part of MCSO's Bomb Squad Unit since 2019 and have taken part in multiple explosive investigations and disposal of devices. I completed the Federal Bureau of Investigation's Hazardous Devices School, 5-week certification program, to become a certified bomb technician.

6. I received my bachelor's degree from the University of Wisconsin-Milwaukee in Criminal Justice with a specialty in Crime Analysis in 2015.

7. I have participated in firearm and drug trafficking investigations that involved the search of social media and electronic communication, and the seizure of computers, cellular phones, cameras, and other digital storage devices. The subsequent analysis of electronic data stored within these accounts or computers, cellular phones, cameras, and other digital storage devices, on many occasions, has provided evidence of the crimes being investigated and corroborated information already known or suspected by law enforcement.

8. Based on my training and experience, I know that persons who purchase and sell firearms commonly maintain photographs, documents, communication and other electronic records regarding the purchase and/or sale of those firearms, including but not limited to handguns,

pistols, revolvers, rifles, shotguns, machine guns and other weapons, firearm components as well as records and/or receipts pertaining to firearms and ammunition on remotely stored accounts such as Google, including within email accounts like Google "Gmail."

9. I am personally involved in the investigation of the offenses discussed in this affidavit and I am familiar with all aspects of this investigation. The statements contained in this affidavit are based on my knowledge and, in part, information provided by law enforcement officers (LEOs), including (a) my personal knowledge and observations derived from participation in this investigation; (b) review of oral and written reports that I have received directly or indirectly from other LEOs about this and other investigations; (c) discussions I personally had concerning this investigation with other experienced investigators; (d) public records; (e) records obtained from law enforcement databases; (f) my training and experience as an ATF task force officer; and (g) the training and experience of other LEOs involved in this investigation.

10. Based on my training and experience, I know that it is common for straw purchasers to conduct research or purchase firearms by visiting gun sales websites, including via their phones and receive email confirmations of firearm purchases, to include tracking information and estimated delivery dates.

11. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 922(a)(1)(A) (engaging in a firearms business without a license), § 18 U.S.C § 544 (smuggling goods from the United States), 18 U.S.C. § 922(a)(9) (non-resident/non FFL received firearms), 18 U.S.C. § 933 (Trafficking of firearms) and 18 U.S.C. § 371 (conspiracy), that have been committed by Christopher SIFUENTES (DOB XX/XX/1997), Mizael LOZANO (XX/XX/1976) and other known and unknown subjects. There is probable cause to search the information described in Attachment A for evidence of these crimes,

as described in Attachment B and evidence of those violations are contained in the following email accounts:

a. **Christophersifuentes701@gmail.com**

b. **mizaellozano33388@gmail.com**

**JURISDICTION**

12. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by Title 18 United States Code Section 2711. Title 18 United States Code Sections 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." Title 18 United States Code Section 2711(3)(A)(i).

**PROBABLE CAUSE**

13. An investigation into the below subjects began when Customs and Border Patrol (CBP)/Homeland Security Investigation (HSI) reported a firearms seizure that took place at the United States Port of Entry in Eagle Pass, Texas, where a transporter from Wisconsin had been caught with two (2) firearms and (4) magazines that were shipped by Christopher SIFUENTES (XX/XX/97).

*ARREST AND STATEMENT OF DANIEL ACOSTA*

14. On April 16, 2023, Daniel Z ACOSTA (XX/XX/77) was stopped at the border while traveling into Mexico through the Eagle Pass, Texas Port of Entry-Bridge 2. ACOSTA was driving a white Chevrolet Express 3500 van bearing Wisconsin license plate TX5815 with an attached trailer with Wisconsin license plate 15016.

15. During an inspection of ACOSTA's Van and Trailer by investigators, a Canik TP-9DA 9mm caliber pistol with serial number (SN) 21BJ09440 and a Walther P22 .22 caliber pistol

with SN WA252381 along with four magazines were recovered. These items were concealed in a radiant heater box and a piano speaker that was located within the trailer.

16. Pursuant to a Mirandized interview with ACOSTA, he relayed that he was employed by 'Top Notch Movers' for the previous two years and delivers items to Mexico as a source of income. ACOSTA stated that he performed these deliveries as more of a reason to visit his family in Zacatecas, Mexico over the money.

17. ACOSTA further stated that the delivery business (Top Notch Movers) belonged to his brother—Christopher SOLOMON. ACOSTA stated that he stops at multiple addresses provided by a person he knows as 'Christopher'—later identified as Christopher SIFUENTES—to collect items from people and then transfer those items to Mexico.

18. ACOSTA stated he contacts SIFUENTES's "uncle" known as "Felipe Vasquez" in Zacatecas, Mexico who provides ACOSTA with an address via WhatsApp to drop off the items.

19. ACOSTA relayed at that point, he had made approximately four to five deliveries to Mexico for SIFUENTES within that year (2023).

20. ACOSTA provided the address for SIFUENTES as 3322 S 9th Place in the City and County of Milwaukee, which investigators confirmed listed back to SIFUENTES.

21. ACOSTA also provided the phone number for SIFUENTES as (414) 405-3917. Through a WhatsApp subpoena, investigators confirmed that SIFUENTES's telephone number was connected to SIFUENTES's WhatsApp account.

22. ACOSTA told investigators that SIFUENTES was going to be flying into Zacatecas, Mexico the following week from Wisconsin.

23. ACOSTA stated that the items (that the firearms were concealed in) were going to be delivered to Vasquez.

24. ACOSTA provided the WhatsApp number for Vasquez as +52-498-103-0320.

25. Investigators identified a WhatsApp user with this number as "Felipe Longoria Carpintero" from Rio Grande, Zacatecas Mexico.

26. ACOSTA stated that SIFUENTES told him on April 9, 2023, that there were two items at SIFUENTES's residence that he needed ACOSTA to bring to Zacatecas, Mexico. It should be noted that SIFUENTES made two firearm purchases on April 6, 2023 (see below).

27. ACOSTA arrived at SIFUENTES's residence, and SIFUENTES had the radiant heater box and the black luggage sitting outside of his residence. ACOSTA stated SIFUENTES had paid him $100 USD for transporting the items to Mexico.

*SIFUENTES'S FIREARM PURCHASES AND RECOVERIES*

28. SIFUENTES made the following firearm purchases:

(i) April 6, 2023/Fletcher Arms (Waukesha, WI): Walther P22 .22 caliber pistol with Serial Number (SN): WA252381

(ii) Recovered April 16, 2023 (10 days after purchase) on Texas Mexico border in trailer driven by Daniel ACOSTA (XX/XX/77) attempting to enter Mexico

(iii) April 6, 2023/Fletcher Arms (Waukesha, WI): Canik55 TP9-DA 9mm pistol with SN: 21BJ09440

(iv) Recovered April 16, 2023 (10 days after purchase) on Texas Mexico border in trailer driven by Daniel ACOSTA (XX/XX/77) attempting to enter Mexico

(v) June 6, 2021/Fletcher Arms (Waukesha, WI): Canik55 TP9SA 9mm pistol with SN: 21AP05852

(vi) December 16, 2018/Eisen Arms (West bend, WI): Ruger SR9B 9mm pistol with SN: 338-06229

(vii) December 16, 2018/Eisen Arms (West bend, WI): HiPoint C9 9mm pistol with SN: P10054308

29. "Time to Crime" is a common term used to describe the last known legal possession of a firearm (often the date purchased from the FFL) and the date of its first use in a crime (often the recovery date). Affiant knows from information published by the ATF's Violent Crime Analysis Branch (as of June 16, 2016) the national average time for a gun to be recovered in a crime by law enforcement after the original purchase date is 10.48 years (also known as "time to crime"). Additionally, the average "time to crime" of firearms is Wisconsin is 8.18 years. Affiant knows a short time to crime is a strong indication of firearms trafficking or "straw buying." The term "straw buying" is used to describe the purchase of a firearm knowing it will be provided to a second party. Affiant knows from training and experience that "straw buying" can be done to either provided firearms to a subject who cannot themselves legally buy firearms or to conceal the true owner of that firearm.

30. SIFUENTES's April 6, 2023, firearm purchases had a short time to crime.

31. Affiant knows from training and experience that purchases of the same make/model of a firearm can be a strong indication of firearms trafficking.

32. Investigators obtained/reviewed video from SIFUENTES's April 6, 2023 (transfer date) firearm purchases from Fletcher Arms. Investigators observed that on March 30, 2023, SIFUENTES' filled out a Firearms Transaction Record or ATF Form 4473. SIFUENTES utilized his Wisconsin driver's license as a form of identification required to complete the form. SIFUENTES listed his current residence as 1819 E. Rusk Avenue, Milwaukee, WI 53207 and

Social Security Number (SSN) as XXX-XX-5356.

33. Under question 21.a., which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF From 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.", SIFUENTES checked "Yes".

34. Under question 21.b., which asks, "Do you intend to purchase or acquire any firearm listed on this form and any continuation sheet(s), or ammunition, for sale or other disposition to any person described in questions 21(c)-(m), or to a person described in question 21.n.1 who does not fall within a nonimmigrant alien exception?", SIFUENTES checked "No".

35. Under question 21.c., which asks, "Do you intend to sell or otherwise dispose of any firearm listed on this form and any continuation sheet(s) or ammunition in furtherance of any felony or other offense punishable by imprisonment for a term of more than one year, a Federal crime of terrorism, or a drug trafficking offense?", SIFUENTES checked "No".

36. Under questions 22 and 23, SIFUENTES signed and dated the ATF Form 4473 on March 30, 2023. By signing here, SIFUENTES certified all his answers on the form were "true, correct, and complete." Furthermore, SIFUENTES acknowledged he has read and understood the "Notices, Instructions, and Definitions on ATF Form 4473."

37. Under Section D question 30 and 31, which must be completed personally by the transferee/buyer if the transfer of the firearm(s) occurs on a different day from the date the transferee/buyer signed originally, SIFUENTES again signed and dated the form on April 6, 2023. By again signing here, SIFUENTES certified all his responses that were originally made on the form on March 30, 2023, were still true, correct, and complete.

38. It is important to note, on the first page of the ATF Form 4473, at the very top of the page, there is a warning which states, "WARNING: The information you provide will be used to determine whether you are prohibited by Federal or State Law from receiving a firearm, or whether Federal or State Law prohibits the sale or disposition of a firearm to you. Certain violations of the Gun Control Act, 18 U.S.C. §921 et. Seq., are punishable by up to 15 years imprisonment and/or up to a $250,000 fine. Any person who exports a firearm without a proper authorization from either the Department of Commerce or the Department of State, as applicable, is subject to a fine of not more than $1,000,000 and up to 20 years imprisonment." (Agent Notes: SA Ernst underlined the sentence above to highlight the exportation language which is applicable to SIFUENTES in this matter.)

39. SIFUENTES was also required to fill out a Wisconsin Department of Justice Firearms Dealer Notification (Handgun Transfers) Form in association with the purchase. The information provided on this form reflects the same information SIFUENTES provided on the ATF Form 4473. It is important to note, SIFUENTES provided his telephone number on this form as being (414) 405-3917 and listed SIFUENTES's email address as **christophersifuentes701@gmail.com**.

40. A review of the ATF Form 4473s signed by SIFUENTES revealed that each time he answered "Yes" to question 11a which stated, "Are you the actual buyer/transferee of the firearm(s) listed on this form?"

41. On March 30, 2023, SIFUENTES filled out a firearm layaway with Fletcher Arms (Waukesha, WI) for a Canik TP-9 DA 9mm pistol with SN 21BJ09440 and Walther P22 .22 caliber pistol with SN WA252381 (transferred to him on April 6, 2023) and provided a name of Christopher SIFUENTES, address of 1819 E Rusk Avenue, Milwaukee, WI, phone number of

(414) 405-4917 and email address of **christophersifuentes701@gmail.com.**

*SIFUENTES'S APPLE ACCOUNTS*

42. Pursuant to an Apple subpoena, SIFUENTES has two iCloud accounts.

43. One of SIFUENTES' Apple accounts (Account 21767354010) provided a name of "Eliel Sifuentes", email of **christophersifuentes701@gmail.com**, and phone number of (414) 405-3917.

44. The second of SIFUENTES's Apple accounts (Account 12019825232) had three profiles:

45. **Profile A:** SIFUENTES provided a name of Christopher SIFUENTES, email of christopherlozano34@icloud.com**,** address of 1571 S. Pearl Street, Milwaukee, WI and 3322 S. 9th Place, Milwaukee, WI and phone numbers (414) 405-3917 and +52-498-151-0331 [also attached to Facebook account].

46. **Profile B**: SIFUENTES provided a name of Christopher SIFUENTES, email of **christopherlozano34@icloud.com**, address of 3854 S. 15th Place, Milwaukee, WI (lists back to Odalis C Arcos F/U who had a Wisconsin court case with SIFUENTES and is the listed subscriber on SIFUENTES' cell phone number) and phone number of (414) 554-9385.

47. **Profile C**: SIFUENTES provided a name of Christopher SIFUENTES, email of **christopherlozano34@icloud.com**, address of 3854 S. 15th Place, Milwaukee, WI, phone number of (414) 319-9637 with a billing name of Odalis C Arcos.

48. Pursuant to the Apple subpoena, the Apple accounts listed above had the following current services enabled/backed up from the device:

49. Account 12019825232: iCloud backup, bookmarks, calendars, iCloud photos, contacts, find my friends, iCloud drive, mail, mail headers, notes, sign in with apple and voice

memo.

50. Account 21767354010: Bookmarks, calendars, iCloud photos, contacts, find my friends, iCloud drive, mail, mail headers, notes, sign in with apple and voice memo

*SIFUENTES'S GUNBROKER ACCOUNT*

51. Pursuant to a Gunbroker subpoena, SIFUENTES had two accounts. For the first account, he provided an email of christopherlozano34@icloud.com, the name Christopher Lozano, residing at 1571A S. Pearl Street, Milwaukee, WI and phone number of (414) 405-3917. For SIFUENTES' second account, he provided an email of **christophersifuentes701@gmail.com**, the name Christopher Sifuentes residing at 1819 E Rusk Avenue, Milwaukee, WI and phone number of (414) 405-3917.

*SIFUENTES'S META ACCOUNT*

52. Pursuant to a Meta subpoena, SIFUENTES provided the following for his Facebook account (Christopher.Lozano Profile ID 10001679288972): name of Christopher Lozano, emails of m.angas@hotmail.com, Christopher.lozano.35175@facebook.com, **christophersifuentes701@gmail.com**, and the following phone numbers (414) 405-3917; 52-312-593-9513; +52-312-595-6507; +52-498-104-3935; +52-498-106-9193; +52-498-981-4929; and +52-498-151-0331.

53. Investigators located the following Meta social media for SIFUENTES: (1) **Facebook:** Profile Name: "Christopher Lozano" (User ID: 100001679288972) https://www.facebook.com/christopher.lozano.351; and (2) **Instagram:** Profile Name: "christopher_lz_" (User ID: 674892615) https://www.instagram.com/christopher_lz_/

54. Investigators observed publicly viewable photographs posted to the two Meta accounts listed above and WI DOT photographs were compared to the posted pictures on the Meta


Case 2:26-mj-00943-NJ Filed 05/01/26 Page 19 of 33 Document 1

pages, and the appearance is consistent with SIFUENTES.

55. Via SIFUENTES' Facebook profile, via publicly available information, SIFUENTES listed that he was from Zacatecas, Mexico, despite being born in California.

56. Via SIFUENTES' Instagram profile, via publicly available information, SIFUENTES' posted a photo of him in front of a vehicle with the location on the image tagged as being in Zacatecas, Mexico.

57. On SIFUENTES's Meta accounts, Facebook and Instagram, it is clear that he has telephone numbers and emails associated with the Meta accounts that connect to evidence of firearm purchases. Also on these Meta accounts, SIFUENTES has pictures and information regarding his location data, including his time in Mexico. SIFUENTES's Meta social media friends and his location data with the dates of his time in Mexico and the United States will assist in confirming locations of firearm purchases, smuggling, and associations with co-conspirators. There is probable cause that this evidence is on SIFUENTES's Meta accounts.

*MIZAEL LOZANO FIREARM PURCHASES AND MEXICO RECOVERIES*

58. SIFUENTES' stepfather was identified as Mizael LOZANO (XX/XX/76) who resides at 1571 S Pearl St, Milwaukee, WI, pursuant to a CBP interview with SIFUENTES on a separate border crossing stop. SIFUENTES' has used this address previously for his residence.

59. LOZANO made the following firearm purchases:

(i) December 17, 2016/Eisen Arms (West Bend, WI): HiPoint JCP .40 caliber pistol with SN: X7265113. Recovered September 8, 2022, in San Juan Del Rio, QT Mexico via ATF E-Trace Form T20220484804

(ii) November 12, 2008/Badger Guns Inc. (West Milwaukee, WI): Taurus PT100 AFS 9mm pistol SN: STB74368. Recovered October 11, 2019, in

Fresnillo, Zacatecas, Mexico via ATF E-Trace form T20190362539

(iii) April 12, 2023/Fletcher Arms (Waukesha, WI): Anderson Manufacturing AM-15 multi-caliber receiver SN: 22030503

(iv) April 12, 2023/Fletcher Arms (Waukesha, WI): Aero Precision LLC M5 multi-caliber receiver SN: US309554

(v) December 20, 2017/Cabela's (Richfield, WI): Taurus PT111 G2 9mm pistol SN: TKY02255

(vi) December 20, 2017/Cabela's (Richfield, WI): Taurus PT111 G2 9mm pistol SN: TKU25859

(vii) February 26, 2018/Dunham's (Franklin): Heritage MFG Rough Rider .22 caliber revolver SN: U77866

(viii) February 26, 2018/Dunham's (Franklin): Heritage MFG Rough Rider .22 caliber revolver SN: V64604

(ix) December 16, 2025/Fleet Farm (Muskego, WI): Beretta Pietro, S.P.A 80X Cheetah .380 caliber pistol SN: Y033873X

(x) December 16, 2025/Fleet Farm (Muskego, WI): Beretta Pietro, S.P.A 80X Cheetah .380 caliber pistol SN: Y024131X

60. LOZANO filled out a Wisconsin Department of Justice Firearms Dealer Notification (Handgun Transfers) Form in association with his April 12, 2023, purchase. The information provided on this form reflects the same information LOZANO provided on ATF Form 4473. LOZANO provided his telephone number on this form as being 414-324-4747. The sales receipt/layaway form(s) associated with the purchase showed LOZANO listed his email address as **mizaellozano33388@gmail.com**.

61. A review of the ATF Form 4473s signed by LOZANO revealed that each time he answered "Yes" to question 11a which stated, "Are you the actual buyer/transferee of the firearm(s) listed on this form?"

62. Investigators believe that SIFUENTES, LOZANO, and ACOSTA are associates and are involved in criminal firearms trafficking.

63. Pursuant to a subpoena from PayPal, ACOSTA provided the following phone numbers: (608) 577-7188 and (608) 886-0312 on his accounts.

*TELEPHONE CONTACTS TO MEXICO*

64. Pursuant to a Verizon subpoena, Affiant observed call records for SIFUENTES with a timeframe of January 1, 2023, to January 29, 2026. SIFUENTES' phone number was identified as the number he provided on the Wisconsin Handgun Hotline forms while purchasing firearms. SIFUENTES' phone number was identified as (414) 405-3917.

65. SIFUENTES called two Mexican phone numbers a total of three times from this US number. Based on the area code of the phone numbers he communicated with, they were from one of the following areas of Mexico (area code 400-499): Aguascalientes, Guanajuato, Hidalgo, Jalisco, Michoacán, Nuevo León, Querétaro, San Luis Potosí, Tamaulipas, Veracruz, or Zacatecas (where SIFUENTES frequents). It should be noted that SIFUENTES had multiple Mexican phone numbers linked to his Meta account.

66. Pursuant to a T-Mobile subpoena, Affiant observed call records for LOZANO with a timeframe of January 1, 2023, to January 29, 2026. LOZANO's phone number was identified as the number he provided on the Wisconsin Handgun Hotline forms while purchasing firearms. LOZANO's phone number was identified as (414) 324-4747.

67. While reviewing LOZANO's phone records, investigators observed LOZANO had

communication with (414) 326-8284, (414) 301-0307 and (414) 326-7587 that all listed back to LOZANO via investigative databases.

68. LOZANO called 49 Mexican phone numbers a total of 606 times.

69. Pursuant to a Verizon subpoena, Affiant observed call records for ACOSTA with a timeframe of January 1, 2023, to January 29, 2026. ACOSTA's phone number was identified as (608)886-0312 pursuant to a PayPal subpoena. ACOSTA stated in his CBP interview that he communicated with SIFUENTES via WhatsApp.

70. ACOSTA called nine Mexican phone numbers a total of 40 times.

*TELEPHONE CONTACTS AMONG THE SUSPECTS*

71. Investigators also reviewed telephone contact records between January 1, 2023, to January 29, 2026, for LOZANO and the records showed LOZANO communicated with SIFUENTES 101 times, and ACOSTA once.

72. Investigators also reviewed telephone contact records between January 1, 2023, to January 29, 2026, for SIFUENTES and the records showed SIFUENTES communicated with LOZANO nine times.

*BORDER CROSSINGS*

*73.* SIFUENTES traveled into Mexico 14 times between April 2022 and February 2026, and LOZANO traveled into Mexico 8 times between August 2022 and January 2026.

*SIGNIFICANCE OF GMAIL, APPLE, AND META*

74. SIFUENTES has used his Gmail, Apple, and Meta accounts. LOZANO has used his Gmail account. There is probable cause these Gmail, Apple, Meta accounts may contain evidence of the purchase, movement/shipping of firearms, connections to co-conspirators, location data, photos, and communication information that is stored on these electronic platforms.

75. Affiant knows that SIFUENTES'S Gmail and Apple accounts and LOZANO'S Gmail accounts have been provided to FFLs as a point of communication. Furthermore, SIFUENTES's Apple and Meta accounts are connected to SIFUENTES's telephone numbers and Gmail accounts that were used to purchase firearms. Gmail, Apple, and Meta accounts are designed for communication via text, pictures, voice, and location sharing. Affiant believes that the above-discussed Gmail, Apple, and Meta accounts will have information regarding orders, shipments, payment methods, photos of evidence, co-conspirator connections, location data, and other communications regarding the illegal movement/purchase of firearms.

76. Obtaining Meta profile information due to the linked Mexican phone numbers would assist investigators in determining if SIFUENTES's account is/was used while SIFUENTES is/was in Mexico to communicate with subjects he is/was meeting or sending firearms to others.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

77. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google to disclose to the government copies of the records and other information (including the content of communications and stored data) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## BACKGROUND REGARDING GOOGLE LLC EMAIL

78. In my training and experience, I have learned that Google LLC provides a variety of on-line services, including electronic mail (email") access, to the public. Google LLC allows

subscribers to obtain email accounts at the domain name "gmail.com", like the email accounts listed in Attachment A. Subscribers obtain an account by registering with Google LLC. During the registration process, Google LLC asks subscribers to provide basic personal information. Therefore, the computers of Google LLC are likely to contain stored electronic communications (including retrieved and unretrieved email for Gmail subscribers) and information concerning subscribers and their use of Google LLC services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

79. Google LLC subscribers can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Google Gmail. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

80. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

81. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

82. In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

83. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the

information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

**CONCLUSION**

84. There is probable cause to believe that in the Google Accounts for Christopher SIFUENTES and Mizael LOZANO: **Christophersifuentes701@gmail.com** and **mizaellozano33388@gmail.com** as listed in the aforementioned paragraphs, there is evidence of violations of 18 U.S.C § 922(a)(1)(A) (engaging in a firearms business without a license), § 18

U.S.C § 544 (smuggling goods from the United States), 18 U.S.C. § 922(a)(9) (non-resident/non FFL received firearms), 18 U.S.C. § 933 (Trafficking of firearms) and 18 U.S.C. § 371 (conspiracy).

85. That based upon Affiant's training and experience, Affiant knows that the execution of a search warrant related to remotely stored accounts such as Google and within email accounts maintained by Google usually results in items of personal documents such as bills, bank statements, photographs, videos, and other items or documents which establish the identities of persons in control of the media.

86. That based upon Affiant's training and experience, Affiant knows that individuals purchasing and selling firearms routinely keep emails, regarding the purchases and/or sales.

87. That Affiant knows that it is common for firearms purchasers and possessors to maintain electronic records relating the ordering and purchase of firearms and that such records are typically kept where the purchaser would have ready access to them including Google email accounts.

88. Based on the forgoing, I request that the Court issue the proposed search warrant.

89. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, LLC who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

<u>**ATTACHMENT A**</u>
**Property to Be Searched**

This warrant applies to information which is associated with email addresses **Christophersifuentes701@gmail.com** and **mizaellozano33388@gmail.com** (**Target Email Accounts),** which are stored at premises owned, maintained, controlled, or operated by Google LLC, a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California.

## ATTACHMENT B
**Particular Things to be Seized**

**I. Information to be disclosed by Google LLC (the "Provider"):**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any information that has been deleted but is still available to the provider, the Provider is required to disclose the following information to the government for the account or identifier listed in Attachment A for the time period of January 1, 2022, to the present:

a. The contents of all emails associated with the account from January 1, 2022, to the present, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the Government within 14 days of the issuance of this warrant.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of 18 U.S.C § 922(a)(1)(A) (engaging in a firearms business without a license), § 18 U.S.C § 544 (smuggling goods from the United States), 18 U.S.C. § 922(a)(9) (non-resident/non FFL received firearms), 18 U.S.C. § 933 (Trafficking of firearms) and 18 U.S.C. § 371 (conspiracy), those violations involving Christopher SIFUENTES and Mizael LOZANO and occurring after January 1, 2022, including, for each account listed on attachment A, information pertaining to the following matters:

a) Evidence of the crimes under investigation, including preparatory steps taken in furtherance of such activity, and steps taken after such activity to hinder and prevent apprehension and identification, or evidence that may refute the subscriber's involvement in such activity;

b) Information that constitutes evidence concerning the unlawful dealing in firearms without a federal firearms license or making false statements in the acquisition of firearms from a federally licensed dealer;

c) Evidence indicating how and when the **Target Email Accounts** were accessed or used, to determine the geographic and chronological context of the **Target Email Accounts** access, use, and events relating to the crime under investigation and to the email account owner;

d) Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

e) Evidence indicating the **Target Email Accounts** owner's state of mind as it relates to the crime under investigation;

f) Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts;

g) The identity of the person who created or used the **Target Email Accounts**, including records that help reveal the whereabouts of such person; and

h) The identity of the person(s) who communicated with the **Target Email Accounts** about matters relating to the dealing in firearms without a federal firearms license or making false statements in the acquisition of firearms from a federally licensed dealer, including reports that help reveal their whereabouts.